**4**

Robert LEPELLETIER, Jr. Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,
Appellees.

No. 00–5135.

United States Court of Appeals, District of Columbia Circuit.

Oct. 9, 2001.

Before GINSBURG, Chief Judge, and EDWARDS and SENTELLE, Circuit Judges.

*JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed for the reasons set forth in the attached memorandum.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* Fed. R.App. P. 41(b).

## MEMORANDUM

### I.   Background

Prior to 1993, 12 U.S.C. § 1822(e) required the Federal Deposit Insurance Corporation ("FDIC"), as the receiver of failed financial institutions, to provide depositors with notice of any unclaimed funds in their accounts which had been transferred by the FDIC to a solvent institution. *See* 12 U.S.C. § 1822(e) (Supp. IV 1992) (amended 1993). This process was revised in 1993 with the passage of the Unclaimed Deposits at Insured Banks and Savings Association Act, Pub.L. No. 103–44, 107 Stat. 220 (1993). Under this Act, if a receivership is established after June 28, 1993, the FDIC is obligated to send two notices to a depositor's last known address. *See id.* at § 1 (codified at 12 U.S.C. § 1822(e)(1) (1994)).

In June 1996, appellant Robert Lepelletier Jr. filed a complaint against the FDIC seeking under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, the names of individuals and businesses with unclaimed deposits at three banks for which the FDIC was acting as receiver. Lepelletier's complaint also alleged that the due process clause required the FDIC to either 1) publish the names and amounts due for all parties having unclaimed funds or 2) provide him with the names of the depositors. [S.A. 1–12.] The district court granted partial summary judgment to the FDIC on the FOIA claim, holding that an exemption to disclosure applied to the names of individual depositors. 5 U.S.C. § 552(b)(6) (unwarranted invasion of privacy exemption). *See Lepelletier v. FDIC,* 977 F.Supp. 456 (D.D.C. 1997), *aff'd in part, rev'd in part, Lepelletier v. FDIC,* 164 F.3d 37 (D.C.Cir.1999) (*"Lepelletier I"*). In denying summary judgment in part, the district court held that the names of businesses with unclaimed funds were not exempted from disclosure. *Id.* at 459–60. The district court also granted summary judgment to

the FDIC on the due process claim, holding that sending written notice to the holders of unclaimed deposits at their last known addresses, as required by 12 U.S.C. § 1822(e) and its pre–1993 notification requirements, satisfied due process. *Id.* at 463–64.

On appeal, we reversed in part the district court's grant of summary judgment in favor of the FDIC and remanded the case to the district court to determine 1) whether the depositors' interests in their account balances outweighs their privacy interests such that the release of depositors' names would be required under FOIA, and 2) whether the procedures of 12 U.S.C. § 1822(e) were consistent with the due process considerations set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See Lepelletier v. FDIC,* 164 F.3d 37 (D.C.Cir.1999) (*"Lepelletier II"*).

Following our decision in *Lepelletier II,* the FDIC released all of the depositors' names to Lepelletier. It then filed a motion to dismiss or for summary judgment on grounds that Lepelletier had obtained all the relief requested in his complaint. [A. 1; 32–42.] The FDIC argued in the alternative that the direct mailing to the depositors' last known addresses—the form of notice provided for by statute—satisfied due process. Lepelletier filed a cross motion for summary judgment arguing that publication of the depositors' names was constitutionally required and necessitated a *Mathews* hearing. [A. 46–53.]

Following a *Mathews* hearing, the district court determined that the direct mail notice specified in 12 U.S.C. § 1822(e) satisfied due process. Consequently, in a written order filed March 3, 2000, the court granted the FDIC's motion to dismiss and denied Lepelletier's cross motion for summary judgment. *Lepelletier v.*

*Federal Deposit Insurance Corp.,* Civ. No. 96–1363(JR) (D.D.C. Mar. 3, 2000). The court conditioned its dismissal on the FDIC providing Lepelletier with partial addresses of depositors (subject to appropriate FOIA exemptions) within 30 days of the order. On March 27, the FDIC fulfilled the requirements of the district court's order by releasing two lists of unclaimed accounts with partially redacted information. [S.A. 20–25.] Lepelletier now appeals the district court's March 3 order.

## II. Discussion

■ Upon review, we dismiss Lepelletier's appeal as moot. The mootness doctrine limits federal courts to deciding "actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). "Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States,* 915 F.2d 699, 701 (D.C.Cir. 1990) (quoting *Transwestern Pipeline Co. v. FERC,* 897 F.2d 570, 575 (D.C.Cir. 1990)). This limitation continues "'through all stages of federal judicial proceedings, trial and appellate.'" *Id.* (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)).

■ Following our decision in *Lepelletier II,* the FDIC provided Lepelletier with a list of all depositors with unclaimed funds in accounts held by the FDIC in its capacity as receiver. Moreover, Lepelletier received additional depositor information (i.e., depositor addresses) pursuant to the district court's order of March 3, 2000. Lepelletier has thus received all—indeed more than—the relief he initially sought

through his Freedom of Information Act request. Consequently, his appeal is moot and will not be entertained further by this court. Because Lepelletier's appeal is moot, we need not address the constitutional issue of whether the procedures set forth in § 1822(e) satisfy due process.